UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ANTHONY WATSON,

                 Plaintiff,        09 Civ. 2073 (DAB) (JCF)
                                         ADOPTION OF REPORT
     -against-                     AND RECOMMENDATION

PAROLE OFFICER JOHN CIESLAK, JR.,
SENIOR PAROLE OFFICER JOHN LOWE,

                 Defendants.
------------------------------------x

DEBORAH A. BATTS, United States District Judge.

    Plaintiff, proceeding pro se, brings this suit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when parole officers made visits to his home, arrested him, and commenced parole revocation proceedings. Defendants moved for Summary Judgment.

    On January 5, 2011, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report") in the above-captioned matter recommending that Defendants' Motion for Summary Judgment be granted in its entirety. Plaintiff filed timely objections to the Report. For the reasons contained herein, this Court ADOPTS the findings of Magistrate Judge Francis and GRANTS Defendants' Motion for Summary Judgment.

I. BACKGROUND

    Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Court is

required to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Where a party raises only general objections, and for portions of the Report to which no objection is made, "a district court need only satisfy itself there is no clear error on the face of the record." See Advance Coatina Tech. Inc. v. LEP Chem. Ltd., 142 F.R.D. 91, 94 (S.D.N.Y. 1992). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Rule 72.1(d).

Because Plaintiff is proceeding pro se, the Court must consider his submissions liberally, and interpret them to raise the strongest arguments they can suggest. See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (citing Burgos v. Hopkins, 41 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, "a pro se party's objections to the Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party will be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (citing Pickney v. Progressive Home Health Services, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

Interpreting Plaintiff's objections to raise the strongest arguments they can suggest, Plaintiff objects that summary judgment is inappropriate on his claim of malicious prosecution because (i) Defendants initiated parole revocation proceedings without probable cause; (ii) Defendants acted with actual malice; and (iii) Defendants are not entitled to immunity. (Pl.'s Obj. 1-3.) This Court reviews those objected-to portions of the Report de novo, and the remainder of the Report for clear error.

## II. DISCUSSION

A. Facts

The facts of this case are set forth in detail in the Report and are restated here only briefly.

Plaintiff, a parolee, consented to searches of his residence by a parole officer, a prohibition against owning firearms without permission, a curfew, and a prohibition against consuming alcoholic beverages. (Report, 2.) On September 15, 2008, the Poughkeepsie office of the New York State Division of Parole received a telephone call from an anonymous man claiming to be a neighbor of Plaintiff. (Report, 2-3.) The caller claimed that Plaintiff was having parties in the basement of the multi-family house where he lived, and that the parties involved drugs and alcohol. (Report, 3.) The caller claimed that there were empty

liquor bottles in the basement and handguns stored in the basement's ceiling rafters. (Report, 3.) Based on the call, on September 16, 2008, the Defendants searched Plaintiff's residence and received permission from Plaintiff's mother-in-law, who owned the building, to search the basement. (Report, 4.) There, Defendants found empty liquor bottles and a loaded handgun in the basement's ceiling rafters. (Report, 4.)

That day, Defendant Lowe issued a parole violation warrant. (Report, 5.) At a preliminary hearing on September 23, 2008, it was determined that there was probable cause to conclude that Plaintiff violated his parole conditions. (Id.) At Plaintiff's final revocation hearing on May 11, 2009, however, an Administrative Law Judge determined that the New York State Division of Parole could not establish Plaintiff's possession of the contraband items or dominion and control over the basement area. (Report, 6.) The charges were dismissed. (Id.)

B.  Legal Standard

A district court should grant summary judgment when there is "no genuine issue as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P 56(c). "Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." James v. New York Racing Ass'n, 223 F.3d 149, 152 (2d Cir. 2000).

While a court must always construe "the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor," Mathirampuzha v. Potter, 548 F.3d 70, 74 (2d Cir 2008), the non-moving party may not rely on "conclusory allegations or unsubstantiated speculation" to preclude summary judgment. Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005). Instead, when the moving party has documented particular facts in the record, "the opposing party must 'set forth specific facts showing that there is a genuine issue for trial.'" Zelnik v. Fashion Institute of Technology, 464 F.3d 217, 224 (2d Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Establishing such facts requires going beyond the allegations of the pleadings, as the moment has arrived "'to put up or shut up.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (citation omitted).

C. Malicious Prosecution

To succeed on a claim for malicious prosecution under § 1983, Plaintiff must prove that "1) the defendant initiated a criminal proceeding; 2) that proceeding ended in plaintiff's favor; 3) the defendant lacked probable cause; and 4) the defendant acted with malice." Llerando-Phipps v. City of New York, 390 F. Supp. 2d 372, 382 (S.D.N.Y. 2005). Plaintiff must also demonstrate a "sufficient post-arraignment liberty restraint

. . . ." Rohman v. New York City Transit Authority, 215 F.3d 208, 21-16 (2d Cir. 2000). There is no question that the proceedings here ended in Plaintiff's favor, and that Plaintiff suffered a significant liberty restraint. (See Report, 16.) Plaintiff Objects that with regard to the parole revocation proceedings, Defendants acted without probable cause and with actual malice. Plaintiff also objects to Magistrate Judge Francis's finding that Defendants are entitled to immunity.

i. Probable Cause

Plaintiff objects that the parole revocation proceedings were initiated without probable cause because (i) the search of Plaintiff's residence, person, and property yielded no evidence of a violation (Pl.'s Obj. ¶ 1); (ii) the tip leading to the search of the basement was anonymous (Pl.'s Obj. ¶ 2); and (iii) Defendants had no reason to believe Plaintiff had control over the basement (Pl.'s Obj. ¶ 1, 2.)

Probable cause in a malicious prosecution proceeding is defined as knowledge of facts and circumstances that "would lead a reasonably prudent person in like circumstances to believe a plaintiff guilty." Ramos v. City of New York, 729 N.Y.S.2d 678, 690 (1st Dep't 2003).

Here, there was probable cause to believe that Plaintiff was guilty of the parole violation. Although the call was anonymous,

6

it identified Mr. Watson by name and stated his address. (Report, 14.) The caller also stated the basis for his claims was the fact that he had been in the basement with Mr. Watson. (Id., 3.) The call was corroborated when officers searched the basement and found liquor bottles and weapons where the caller told officers they would be. (Id., at 14.) Anonymous calls can support a finding of probable cause when, as here, they are corroborated by police observation and are accompanied by some indicia of reliability. See Florida v. J.L., 529 U.S. 266, 270 (2000). Although the charges against Plaintiff were eventually dismissed, it does not necessarily follow that the officers lacked probable cause to pursue them. This Court agrees with Magistrate Judge Francis that Plaintiff's prosecution was supported by probable cause.

    ii. Actual Malice

    Plaintiff contends that Defendants acted with actual malice in pursuing the parole revocation proceedings because they proceeded to search the basement after finding no evidence of a parole violation in Plaintiff's residence. (Pl.'s Obj., ¶ 5.) Such accusations do not give rises to any inference that Defendants were acting under "'a wrong or improper motive, [or] something other than a desire to see the ends of justice served.'" Present v. Avon Prods., Inc., 687 N.Y.S.2d 330, 335

(1st Dep't 1999) (quoting <u>Nardelli v. Stamberg</u>, 406 N.Y.S.2d 443, 445 (1978)). Plaintiff has not shown that Defendants acted with actual malice.

 iii. Immunity

 Finally, Plaintiff objects that Defendants are not entitled to immunity for their role in pursuing the parole violation. (Pl.'s Obj. ¶ 3.)

 As Magistrate Judge Francis found, parole officers commencing parole violation proceedings act in a prosecutorial capacity and are therefore entitled to absolute immunity. <u>Scotto v. Almenas</u>, 143 F.3d 105, 112 ("Parole officers also receive absolute immunity for their actions in initiating parole revocation proceedings and in presenting the case for revocation to hearing officers, because such acts are prosecutorial in nature.") Defendant Lowe, who initiated the parole revocation proceedings, is therefore entitled to absolute immunity for those actions.

 Furthermore, both Defendants are entitled to qualified immunity because, as this Court finds, the parole violation warrant was supported by probable cause. See <u>Posr v. Court Officer Shield No. 207</u>, 180 F.3d 409, 416 (2d Cir. 1999) (finding that officers have qualified immunity where "'it was objectively reasonable for the officer to belive that probable cause

8

existed.'" (quoting <u>Golino v. City of New Haven</u>, 950 F.2d 864, 870 (2d Cir. 1991)).

### III. CONCLUSION

Having reviewed the remainder of the Report and finding no clear error, and having conducted an independent <u>de novo</u> review of the specifically objected-to portions of the Report, it is ORDERED and ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Francis, docket #35, dated January 5, 2011 is APPROVED, ADOPTED AND RATIFIED by the Court.

2. Defendants' Motion for Summary Judgment is GRANTED with regard to all of Plaintiff's claims.

3. The Clerk of Court is directed to CLOSE the docket in this case.

SO ORDERED.

DATED:   New York, New York
         February 9, 2011

_____
Deborah A. Batts
United States District Judge